IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MOLLORD PARKS, Jr. a/k/a/ )
    MALLARD PARKS, )
 )
    Plaintiff, )
 )
 )    CIV-10-266-F
v. )
 )
COMANCHE COUNTY )
    DETENTION CENTER, et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on March 16, 2010. In his Complaint, he alleged that he was being detained at the Comanche County Detention Center in Lawton, Oklahoma. The Defendants named in the Complaint are the Comanche County Detention Center and the Lawton Police Department. Regarding his claims, Plaintiff asserts in count one that his "[l]egal mail" addressed to him at the jail from "your guys" was opened outside of his presence. In count two, he asserts that he was "denied access to the law library," and as supporting facts he alleges that a "handbook" was not provided to him "upon entrance" to the jail. As additional background for his claims, Plaintiff asserts that he was "beatin [sic]" by police officers on December 22, 2009, and "taz [sic] 3 times" and that he was being forced to sleep on the floor "in a 4 man tank that keep 7-8 people in at all times [with] no sheets [and] holes in clothin [sic]." (Doc. # 1).

1

Accompanying Plaintiff's Complaint was a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). (Doc. # 2). Because the IFP Motion did not contain the necessary financial information and certification by an authorized official at the jail, Plaintiff was ordered to cure this deficiency on or before April 12, 2010. Plaintiff was advised in this Order entered March 23, 2010, that if the deficiency was not timely cured, the undersigned would recommend the dismissal of the action without prejudice. To this date, Plaintiff has not cured the deficiency or sought an extension of time to do so. Moreover, the Court's records reflect that the Order to Plaintiff to Cure Deficiency mailed to Plaintiff at his last known address was returned to the Court marked as undeliverable because Plaintiff had not provided a forwarding address.

Plaintiff's lack of interest in complying with the Court's Order to Plaintiff to Cure Deficiency combined with the Court's continuing effort to manage and control its caseload warrant a dismissal of the action without prejudice. See Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188 (10th Cir. 2002)(Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failure to comply with court's orders). See also Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(*sua sponte* dismissal for failure to comply with court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

RECOMMENDATION

Based on the foregoing findings, it is recommended that the action be DISMISSED WITHOUT PREJUDICE. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      May 3rd      , 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   13th   day of   April   , 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE